IN THE MATTER OF HAROLD V. O'GRADY, AN
ATTORNEY-AT-LAW.

May 5, 1983.

*Harold L. Rubenstein* argued the cause for the District V
Ethics Committee.

*George M. Kachmar III* argued the cause for the respondent.

## ORDER OF PUBLIC REPRIMAND

The Disciplinary Review Board having filed a report recommending that HAROLD V. O'GRADY of JERSEY CITY be publicly reprimanded for his improper removal of files of his former employer in violation of *DR.* 1–102(A)(3), (4) and (6) and for his failure to apportion fees in accordance with his fee agreement with that employer in violation of *DR.* 1–102(A)(4), and the Court having reviewed the record,

And the Disciplinary Review Board further recommending that the respondent be required to reimburse the Administrative Office of the Courts for appropriate administrative costs, including production of transcripts, and good cause appearing

It is ORDERED that the report of the Disciplinary Review Board is hereby adopted and that HAROLD V. O'GRADY be and hereby is publicly reprimanded for his violation of *DR.* 1–102(A)(3), (4) and (6) and *DR.* 1–102(A)(4); and it is further

ORDERED that the Decision and Recommendation of the Disciplinary Review Board, together with this order and the full record of this matter, be added as a permanent part of the file of said HAROLD V. O'GRADY as an attorney at law of the State of New Jersey; and it is further

ORDERED that HAROLD V. O'GRADY reimburse the Administrative Office of the Courts for appropriate administrative costs, including production of transcripts.

### Decision and Recommendation of the Disciplinary Review Board

To the Honorable Chief Justice and Associate Justices of the Supreme Court of New Jersey:

This matter is before the Board based upon a presentment filed by the District V Ethics Committee for Essex County. The presentment charges the respondent with four counts of unethical conduct, all emanating from a complaint filed by the respondent's former employer, the law firm of Young and Young, and summarized as follows:

### I.  LORENC V. GORECKA MATTER

While an employee of complainant's firm, the respondent represented Bronislawa Lorenc in an annulment action, *Lorenc v. Gorecka.* Plaintiff paid the respondent a $1,000 fee, which he retained in its entirety. The respondent defended his action on the grounds that the matter had been referred to him directly by plaintiff's sister, a secretary in the firm, and that he had

handled it exclusively. He testified, moreover, that his employment arrangement with the firm was as an hourly employee, with an agreement between himself and the firm that there would be no sharing of fees from legal matters not involving collection work, the bulk of complainant's practice.

The Committee found that respondent handled this matter as an employee of the complainant's law firm. The judgment in the annulment action indicated that plaintiff was represented by respondent of the firm of Young and Young. Respondent conceded that he used the law firm's stationery in his non-collection legal matters. Finally, respondent filed an Affidavit stating that his fee arrangement with complainant was for an equal division of fees with respect to any matters personally handled through the firm. The Committee concluded that respondent was in violation of *DR* 1–102(A)(4) since, even on the assumption that plaintiff was respondent's personal client, he still had no right to retain the total fee particularly in the absence of consultation with complainant.

## II. TEODORO VALENTIN MATTER

While an employee of complainant's firm, respondent handled a real estate closing on property in Newark for Teodoro Valentin. Mr. Valentin had been referred to the firm by his brother, Cirillo Valentin, on whose behalf the firm had provided previous representation in a divorce matter. Subsequent to the closing, and at respondent's request, Teodoro Valentin gave to respondent a $500 check as legal fees. Respondent cashed the check, but never informed complainant that he had received a fee in the matter. Respondent claimed he was entitled to the entire fee because Teodoro Valentin was his personal client.

The Committee found that respondent was not entitled to the entire fee. The basis of the Committee's finding was that respondent had handled the matter as an employee of the firm using its secretarial services, and that one of the firm's partners had supervised the work done by respondent on the case. The

Committee therefore found respondent in violation of *DR* 1–102(A)(4) for his failure to submit the fee to complainant.

### III.  COLUMBIA FINANCE MATTER

Two weeks before respondent's termination from complainant's employment, the law firm of Young and Young received two collection matters from Columbia Finance Company.  There is a dispute in the testimony as to whether these matters were then assigned to respondent for preparation of the pleadings.  In any event, no action was taken, except to index the files.  Approximately one week later the manager of Columbia Finance, Mr. Gabelman, telephoned to inquire about the status of these cases.  Respondent informed him that nothing had yet been done.  Respondent then told Mr. Gabelman that he was leaving the firm, whereupon it was suggested that respondent should continue to handle these files even after he left Young and Young.  Again, there is conflicting testimony as to precisely who made this suggestion.  Nevertheless, based on his belief that the client wished for him to personally continue handling the Columbia Finance matters, respondent physically removed the files and bookkeeping records in these cases from complainant's offices.  Respondent did not discuss his actions with complainant either prior or subsequent to removal of the files and records.

The Committee determined that the Columbia Finance files were the property of complainant's firm and that respondent had no right to remove them without the latter's consent.  Based on these findings of fact, the Committee concluded that respondent violated *DR* 1–102(A)(3), (4) and (6).

### IV.  PORTUGUESE CONTINENTAL FEDERAL CREDIT UNION MATTER

While an employee of complainant's firm, respondent had brought in a client with numerous individual cases, the Portuguese Continental Federal Credit Union (PCFCU).  The fees

generated by work on behalf of PCFCU were shared equally by respondent and complainant. At the time of respondent's termination, there were 21 PCFCU files being handled by respondent through the law firm of Young and Young.

When respondent's employment terminated, he physically removed the 21 files and bookkeeping records from complainant's offices. He did not inform complainant of his actions prior to removal of the files. Moreover, in order to ensure that he could continue to represent PCFCU on these cases, during his final week of employment respondent executed and filed Substitutions of Attorney on behalf of complainant's firm (Young and Young) in favor of himself. Respondent initially testified that as an associate of the firm he had authority to execute the substitutions. However, he later conceded that the complainant wanted to keep these matters in his office and that he would not have agreed to respondent's substitutions had he known of them.

The Committee concluded that respondent's removal of the files was without the firm's consent. The Committee also concluded that the substitutions of attorney were done without authorization from, or in consultation with, the partners in complainant's firm. The Committee therefore found respondent guilty of violating DR 1–102(A)(3), (4) and (6).

At the hearing before the Board, respondent's counsel admitted that respondent's signing of the substitutions of attorney in the *PCFCU* matter was technically improper. Respondent defended his actions, however, on the grounds that the client requested his continued handling of the matters. He also claimed reliance on 2 formal opinions of the Advisory Committee on Professional Ethics, # 2 and # 203 both concerned with substitution of attorney.

## CONCLUSIONS AND RECOMMENDATIONS

Upon a review of the full record, and upon oral argument, the Board is satisfied that the conclusions of the Committee, in

finding respondent guilty of unethical conduct, are fully supported by clear and convincing evidence.

The Board finds that respondent's actions in signing the substitutions and removing the files from complainant's office was improper. The Board bases its conclusion on the fact that respondent conceded at the hearing that he did not have authorization to execute the substitutions, and that the complainant did not want respondent to take the files from him. The Board is also unpersuaded that the Advisory Opinions cited by respondent were properly relied upon. Although respondent testified before the Board that he had, in fact, researched these opinions and based his actions upon them, the record before the District V Ethics Committee is devoid of any reference to Advisory Opinions. Moreover, it is noted that, even if respondent had considered those opinions, they would not justify his actions. Advisory Opinion # 2 was predicated on the attorney having to act quickly in order to preserve his client's rights. Respondent, however, did not maintain that his own substitutions were the result of any emergent matters then jeopardizing the client. Additionally, as the language of Opinion # 2 makes clear, a substitution of attorney is permissable only where the first lawyer has been given notice by the client that his employment has been terminated. Here, neither the client nor respondent provided the complainant with the requisite notice until after discovery that the files were missing and only after outside parties informed complainant that substitutions were filed. The Board concludes that respondent's actions in this matter, as well as in removing files and records in the *Columbia Finance* matter constitutes a violation of *DR* 1–102(A)(3), (4) and (6).

With regard to respondent's retention of fees in the *Lorenc v. Gorecka* and *Valentin* matters, the Board finds that the respondent and complainant agreed to an equal division of fees in those personal matters which he handled through the firm, as evidenced by respondent's affidavit. Respondent wrongfully retained the entire fee paid by each of these clients respectively. The fee agreement between himself and his employer required

that he share these fees equally. Respondent's failure to do so violates *DR* 1–102(A)(4).

The Board therefore recommends that respondent be publicly reprimanded. The Board further recommends that he be required to reimburse the Administrative Office of the Courts for appropriate administrative costs, including production of transcripts.

DISCIPLINARY REVIEW BOARD

By: /s/ A. Arthur Davis, 3rd
    A. Arthur Davis, 3rd
    Chairman

DATED: December 8, 1982